UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD LAMONT PATRICK,

      Petitioner,

v.                                  Case No. 10-C-80

ROBERT HUMPHREYS, Warden,
Racine Correctional Institution,

      Respondent.

**DECISION AND ORDER DENYING PATRICK'S PETITION FOR A WRIT OF HABEAS CORPUS, DENYING PATRICK'S MOTION TO CONTINUE, AND DENYING PATRICK'S MOTIONS FOR IMMEDIATE RELEASE, A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION**

## I. PROCEDURAL BACKGROUND

On January 29, 2010, the petitioner, Richard Lamont Patrick ("Patrick"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he has been illegally detained in state custody due to an unfair parole hearing conducted by the State of Wisconsin Parole Commission ("Commission") on December 13, 2007.

On February 12, 2010, U.S. District Judge Rudolph T. Randa issued an order under Rule 4 of the Rules Governing Section 2254 Cases. In his order, Judge Randa identified and evaluated the following four claims for relief in Patrick's motion for a writ of habeas corpus: (1) the Commission's decision to deny Patrick's parole violated his liberty interest to be paroled after he met the prerequisites for parole; (2) the Commission based its parole decision on false information because Patrick never refused sex offender treatment; (3) Steven Landreman ("Landreman"), Racine Correctional Institution's ("RCI")

parole commissioner, violated Patrick's due process right to a fair hearing by continuing to participate in the parole hearings and denying Patrick's request for parole in retaliation for Patrick's refusal to waive knee surgery; and (4) the Commission violated Patrick's right to equal protection because white sex offenders who did not complete a higher level of sex offender treatment were paroled whereas he, a black sex offender who did not complete a lower level of sex offender treatment, was not released on parole. (Feb. 12, 2010 Order, at 4–6.)

Judge Randa dismissed the first claim for lack of merit, finding that a prisoner incarcerated for a sexual assault does not have a liberty interest in parole because, under Wisconsin law, a mandatory release date for such individuals "is only presumptive, subject to the discretion of the parole commission." (Feb. 12, 2010 Order, at 4.) Judge Randa then directed the respondent to file an answer to the petition directed to the three remaining claims. Upon consent of the parties to magistrate judge jurisdiction, the case was assigned to this court for further proceedings and the entry of final judgment.

The respondent filed a motion to dismiss the petition on April 14, 2010 and Patrick filed a brief in opposition on May 10, 2010.[1] On October 4, 2010, Patrick filed two separate motions; the first was a motion for a temporary restraining order and a preliminary injunction, and the second was a motion for immediate release. The respondent filed his response to these motions on October 15, 2010, and Patrick filed his reply on October 26, 2010. On November 12, 2010, after being released on parole to a temporary living place on November 9, 2010, Patrick filed a motion to continue his petition for a writ for habeas corpus. For the reasons set forth below, Patrick's motions will be denied and his petition for a writ of habeas corpus will be denied, as moot.

---

[1] On May 18, 2010, Patrick filed a motion to amend his brief in opposition to include relevant, recently obtained evidence. The court will grant Patrick's motion to amend and will conduct its analysis using the amended brief.

2

## II.  FACTUAL BACKGROUND

On February 24, 1999, Patrick pled no contest to two counts of second degree sexual assault of a child, in violation of Wis. Stat. § 948.02, and was sentenced to 168 months incarceration on count one and to probation on count two.  (Habeas Pet. 2.)  The crime is classified as a presumptive mandatory release (PMR) crime, pursuant to Wis. Stat. § 302.11(1g)(am), with a PMR date of February 13, 2008. (Habeas Pet. Ex. 2009, at 2.)  For offenses classified as a PMR crime, the Commission provides the inmate with a parole hearing before his PMR date.  Wis. Stat. § 302.11(1g)(b).  The Commission, in its discretion, may deny mandatory release where it finds that the inmate poses a risk to the public or if he refuses to participate in necessary treatment and counseling.  *Id*.

The following is a summary of the relevant facts, as provided by the Wisconsin Court of Appeals:

> Sex offender treatment (SOT) was identified as one of Patrick's rehabilitative needs.  In 2004, Patrick requested and obtained a transfer to a correctional institution where SOT was an available program.  In August 2005, Patrick was given a questionnaire to complete as part of the initial SOT placement process.  In the questionnaire, Patrick was asked: "Do you want to be considered for SOT at this time?" to which Patrick responded: "Yes, even though I was denied 35 times the past 7 years to be treated, or even considered.  Why now?"  The questionnaire also asked if Patrick had "any pending legal action regarding [his] sexual assault convictions" and, if so, "what is the nature of the legal action?"  Patrick responded: "I have an upcoming civil case against WI Parole, because I feel that I will get better treatment from an outside source other than WI Psy.D.  I don't have faith in WI DOC treatment programs after being turned away for 7 years."
>
> On August 30, 2005, the SOT Treatment Provider informed Patrick that she had "completed interviews" for the upcoming SOT group, that Patrick was "no longer under consideration for participation in this group," and that his "name will remain on the waiting list for future consideration."  After Patrick completed the questionnaire, he was 'coded' as refusing or denying the need for treatment.
>
> After a presumptive mandatory release parole hearing on December 13, 2007, the Commission denied Patrick parole.  The Commission cited both protection of the public and Patrick's refusal to participate in counseling or treatment that institution staff deemed necessary.

3

(Habeas Pet. Ex. 2009, at 2–3.)

Patrick was eventually admitted to sex offender treatment and successfully completed the treatment on October 31, 2009. (Habeas Pet. Ex. V.) However, Landreman, the RCI parole commissioner presiding over each of Patrick's hearings, found that Patrick was still a risk to the public due to inappropriate conduct in August of 2009. (Habeas Pet. Ex. V.) He therefore denied Patrick's release on parole. (Habeas Pet. Ex. V.)

The Commission held another hearing on September 16, 2010 and Landreman recommended, based on Patrick's good behavior, that Patrick be released on parole. (Pet'r's Mot. for Immed. Rel. Ex. 2.) On November 9, 2010, Patrick was released to a temporary living place. (Pet'r's Mot. to Cont. 1.)

### III. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act, federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Moffat v. Gilmore*, 113 F.3d 698, 702 (7th Cir. 1997); *see also Del Vecchio v. Ill. Dept. of Corr.*, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc) ("[F]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law.").

To establish the "in custody" requirement for a habeas petition, the petitioner need not be in the State's physical custody. *Jones v. Cunningham*, 371 U.S. 236, 242–43 (1963). However, the petitioner must establish that he is subject to conditions that significantly restrain his liberty. *Virsnieks v. Smith*, 521 F.3d 707, 717 (7th Cir. 2008). For example, in *Jones*, the Supreme Court addressed whether a petitioner could satisfy the "in custody" requirement necessary for a habeas petition if the petitioner was placed on parole. *Jones*, 371 U.S. at 236. The Court found that the petitioner's release from physical

custody was far from unconditional. *Id*. at 242. Instead, he was required to regularly report to his parole officer, remain in one particular community, in one residence, and at one job, and was also required to refrain from certain activities. *Id*. Ultimately, the Court held, based on the circumstances, that the petitioner was still in custody under his unexpired sentence despite being placed on parole. *Id*. at 241–43.

Additionally, like all federal litigants, the petitioner must establish the case-or-controversy requirement imposed by Article III of the Constitution. *Baker v. Carr*, 369 U.S. 186, 204 (1962). To meet the case-or-controversy requirement, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 US. 472, 477 (1990). For example, if an event occurs while a case is pending that renders the court unable to grant any effectual relief to a prevailing party, then the case must be dismissed as moot. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

For the reasons set forth below, the petitioner's petition for a writ of habeas corpus will be denied as moot and his motions for immediate release, a temporary restraining order and a preliminary injunction, and his motion to continue will be denied.

### A. Patrick's Petition for a Writ of Habeas Corpus

The overarching argument in Patrick's petition for a writ of habeas corpus is that Patrick was denied a fair and impartial parole hearing on December 13, 2007 and was therefore not released on parole on his PMR date. I will not address the merits of Patrick's three claims because I find that Patrick's claims, as they relate to his habeas petition, are moot.

In order for a federal court to address the merits of a habeas petition, the petitioner must be "in custody" and he must present a case or controversy. There is currently insufficient evidence to fully

5

determine whether the petitioner is "in custody" based on the conditions of his parole. However, meeting the "in custody" requirement is irrelevant because Patrick fails to establish that he has suffered, or is threatened with, an actual injury traceable to the respondent, which is likely to be redressed by a favorable judicial decision. In other words, Patrick has not met the case-or-controversy requirement under Article III of the Constitution.

Patrick may have suffered an injury which is traceable to the respondent; namely, being refused parole over two years beyond his PMR date. However, the court can do nothing under Patrick's habeas petition to remedy any possible injury suffered. The relief Patrick seeks is a court order granting him an impartial parole hearing so he can be released on parole. At this point, Patrick has already received additional parole hearings, and as of November 9, 2010, has been released on parole. As the Supreme Court stated in *Spencer v. Kemna*, 523 U.S. 1, 18 (1998):

> [M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.

Like the Court in *Spencer*, this court has nothing to remedy under the habeas petition even if Patrick were to succeed on his claims. Therefore, Patrick's petition for a writ of habeas corpus will be denied, as moot.

### B. Patrick's Motion to Continue

Patrick filed a motion to continue his petition for a writ of habeas corpus on November 12, 2010, alleging that he was still "in custody" because of the restraints of his parole and claiming that despite his release, the Commission violated his constitutional rights and the court should address the Commission's

behavior.[2] (Pet'r's Mot. to Cont. 4.) As stated above, the court will deny Patrick's petition for a writ of habeas corpus as moot and grant the respondent's motion to dismiss. Thus, Patrick's motion to continue will be denied.

## C. Patrick's Motions for a Temporary Restraining Order, a Preliminary Injunction, and for Immediate Release

Patrick's motion for a temporary restraining order and a preliminary injunction seeks an order against his parole officer and any others who are allegedly standing in the way of his placement in a temporary living place. (Pet'r's Mot. for T.R.O. 1.) Since the filing of his motion, Patrick has been released from RCI and is currently living in a temporary living place. Based on Patrick's changed circumstances, I can provide no relief to Patrick even if he were to succeed on the merits of his claim. Therefore, I will deny as moot Patrick's motion for a temporary restraining order and a preliminary injunction.

Additionally, Patrick's motion for immediate release seeks, as the title indicates, immediate release from "Wisconsin's Dep't of Correction . . ." to a temporary living place. (Pet'r's Mot. for Immed. Rel. 1.) As discussed above, Patrick was released on parole to a temporary living place on November 9, 2010. Therefore, I will deny Patrick's motion for immediate release as moot because the relief Patrick seeks has already been achieved.

Furthermore, under Rule 2(c) of the Rules Governing Section 2254 Cases, "the petition must specify all the grounds for relief available to the petitioner . . . ." After submitting his petition, the

---

[2] Although the court finds these claims moot under Patrick's habeas petition, the court notes that on November 23, 2010, Patrick filed a complaint in this district court alleging that the Wisconsin Department of Corrections and several of its employees violated 42 U.S.C. § 1983. (Patrick v. Wis. Dept. of Corr. et al., 10-C-1048.) In his complaint, Patrick seeks damages for many of the same alleged injuries about which he complains in his habeas petition.

petitioner may not plead additional grounds for release. Here, Patrick asserts new grounds for his release relating to what he believes to be his parole officer's failure to find him a temporary living place. Because the claims arose after the petition was filed and were not included in the original habeas petition, the court cannot address the merits of the claims. Thus, for the reasons stated above, I will deny Patrick's motions for immediate release, a temporary restraining order and a preliminary injunction.

### D. Certificate of Appealability

There is one final matter to address. The recently amended provisions of Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part, as follows:

> a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Under 28 U.S.C. § 2253(c), a district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court of appeals has held that this standard differs only in scope from the certificate of probable cause standard that was previously developed and applied by the courts. *See Herrera v. United States*, 96 F.3d 1010, 1012 (7th Cir. 1996). The *Herrera* court said that "a certificate of probable cause places the *case* before the court of appeals, but a certificate of appealability must identify each *issue* meeting the 'substantial showing' standard." *Id*. (emphasis added). Thus, for the court to issue a certificate of appealability to Patrick, it must identify for the court of appeals the issues that are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4

8

(1983) (emphasis added) (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)). This test was reiterated in *Miller-El v. Cockrell*, 537 U.S. 322 (2003), *rev'd on other grounds, Miller-El v. Dretke*, 545 U.S. 231 (2005).

> Consistent with our prior precedent and the text of the habeas corpus statute, we reiterate that a prisoner seeking a COA need only demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

*Id.* at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In my opinion, and for the reasons set forth in this decision denying Patrick's habeas corpus petition, none of Patrick's claims warrants a certificate of appealability. Put simply, the petitioner has not demonstrated "a substantial showing of the denial of a constitutional right" by demonstrating either that jurists of reason could disagree with this court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Consequently, the court will deny Patrick a certificate of appealability. Of course, Patrick retains the right to seek a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b).

**NOW THEREFORE IT IS ORDERED** that Patrick's claims for federal habeas corpus relief be and hereby are **DENIED** as **MOOT**;

**IT IS FURTHER ORDERED** that Patrick's petition for a writ of habeas corpus and this action be and hereby are **DISMISSED**;

**IT IS FURTHER ORDERED** that Patrick's motion to amend his brief in opposition is **GRANTED**;

**IT IS FURTHER ORDERED** that Patrick's motion to continue be and hereby is **DENIED**;

9

**IT IS FURTHER ORDERED** that Patrick's motion for a temporary restraining order and a preliminary injunction be and hereby is **DENIED**, as **MOOT**;

**IT IS FURTHER ORDERED** that Patrick's motion for immediate release be and hereby is **DENIED**, as **MOOT**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**SO ORDERED** this 6th day of December, 2010 at Milwaukee, Wisconsin.

                        **BY THE COURT:**

                        s/ William E. Callahan, Jr.
                        WILLIAM E. CALLAHAN, JR.
                        United States Magistrate Judge